HANSON BRIDGETT LLP
KIMON MANOLIUS - 154971
kmanolius@hansonbridgett.com
JULIA H. VEIT - 209207
jveit@hansonbridgett.com
DENA M. DUTHOY - 239900
dduthoy@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
PENINSULA CORRIDOR JOINT POWERS BOARD

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>            Plaintiff,<br><br>   v.<br><br>ROBERT SCHREADER; CALTRAIN,<br><br>            Defendants. | No. CV 08-1241 MMC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: Friday, July 11, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 7, 19th Floor<br>Judge: Hon. Maxine M. Chesney |

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF *IN PROPRIA PERSONA*:**

PLEASE TAKE NOTICE that on July 11, 2008, at 9:00 a.m. in Courtroom 7 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant PENINSULA CORRIDOR JOINT POWERS BOARD (erroneously sued as "Caltrain") ("defendant") through its attorneys, Hanson Bridgett LLP, will and hereby does move this Court for judgment on the pleadings in its favor in this action brought by plaintiff Jerome Grimes.

This motion is made on the grounds that defendant is entitled to judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c), because even accepting any well-pled material facts alleged in plaintiff's Complaint as true, defendant is entitled to judgment as a matter of law.

This motion will be and hereby is based on this Notice of Motion and Motion (including the supporting Memorandum of Points and Authorities); the Request for Judicial Notice filed herewith, all pleadings and papers on file in this action any other matters of which judicial notice may be taken by the Court, and upon such oral argument and documentary evidence as may be presented at or before the hearing.

DATED: May 30, 2008

HANSON BRIDGETT LLP

By: _____
DENA M. DUTHOY
Attorneys for Defendant
PENINSULA CORRIDOR JOINT POWERS BOARD

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMO OF P&A'S IN SUPPORT; CASE NO. CV 08-1241

1457207.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(c), defendant moves for judgment on the pleadings on the grounds that plaintiff's Complaint, alleging an "Abuse of Authority" under the Sixth Amendment of the United States of America, fails to state a cognizable claim for relief. Plaintiff's Complaint, which alleges various acts of "terror" against defendant, is unintelligible, unsupported, and barred by the applicable federal and state laws on which plaintiff's claims are premised. Because plaintiff's Complaint is fatally deficient, defendant is entitled to judgment as a matter of law.

Presumably, this matter arises out of a trip that plaintiff took on Caltrain on or about December 26, 2007. As a threshold matter therefore, it is difficult to understand how plaintiff's terrorism and entrapment allegations could have arisen in such a benign context.

## II. PROCEDURAL HISTORY AND STATEMENT OF ALLEGATIONS

On December 9, 2005, this Court issued a Pre-Filing Order regarding cases filed by plaintiff Jerome L. Grimes ("plaintiff" or "Mr. Grimes"). Pursuant to this Order, the Court Clerk would accept no further complaints filed by Mr. Grimes, unless they met the requirements of a two-step review process:

> "The First, if the complaint is related to any of the following subject matters: (1) a diversified group of individuals who **commit acts of terror against Mr. Grimes**, his family and other citizens; (2) an injunction against the defendants, to prevent them from kidnapping, framing, **falsely imprisoning or otherwise terrorizing Mr. Grimes**, his family, and other citizens; (3) a court order for the defendants to be subjected to a lie detector test (4) **covert terrorism**, it will not be filed unless it presents cognizable claims that are not based on merely conclusory allegations. Second, **no other complaints filed by Mr. Grimes while he is not incarcerated or detained will be filed unless they contain intelligible factual allegations and claims for relief.**" (Request for Judicial Notice, "RJN", Exh. A; Pre-Filing Order, In re cases filed by Jerome L. Grimes, No. 05-80244 CW, filed December 9, 2005, 2:1-13 (Emph. added).)

On January 11, 2008 plaintiff filed the action captioned *Jerome L. Grimes v. Robert Schreader; Caltrain*, Case No. CV 08-0162 CW, in this Court. Defendants were not served with this lawsuit, and the Court appears to have closed it on its own accord on March 10, 2008. (RJN,

1

Exh. B.) On January 31, 2008, plaintiff commenced an identical action in the Superior Court for the State of California, in and for the County of San Mateo entitled *Jerome L. Grimes v. Robert Schreader, Caltrain*, Case Number CIV 469795, and defendant Peninsula Corridor Joint Powers Board ("JPB" or "defendant") was served with a copy of the Summons and Complaint on February 1, 2008. JPB timely removed the action to this Court on March 3, 2008.

To the extent that defendant can discern, plaintiff's caption, which spans three pages, purports to bring claims for an "Abuse of Authority" consisting of false imprisonment and arrest; hardship in violation of the Sixth Amendment of the United States Constitution; defamation of character; perjury; "Antedating And Falsifying Criminal Incident-Complaints/Reports To Be Used In Trial Proceedings Or Inquiry -Penal Code 131, And, Penal Code 132"; "Covert Kidnapping—Penal Code 207"; "Attempt To Intimidate and Dissuade The Plaintiff From Reporting The Defendant's Abuse of Authority"; attempt to dissuade the plaintiff's efforts to identify the "Cal Train #54"; petty theft of Caltrain ticket; and Conspiracy.[1] (Complaint, caption, pp. 1-3 (punctuation and emphasis in original).)

Specifically, and to the extent defendant can discern plaintiff's factual allegations, plaintiff claims:

(a)     On December 26, 2007 defendant Robert Schreader entrapped plaintiff into a criminal act which was unsuccessful. Specifically, defendant Robert Schreader took plaintiff's valid Caltrain ticket and told him to get off the train, an act which "alarmed" plaintiff, yet he did not "get upset or threatening [sic]." (Complaint, 3:8-21.)

(b)     Defendant Robert Schreader also alarmed and "induced" and "entrapped" plaintiff by refusing to return his Caltrain ticket to him. This refusal was a "blatant covert terror intent" to cause plaintiff to react in an upset manner, which was unsuccessful. (*Id.*, 3:21-28.)

(c)     Schreader tried to "intimidate" and "dissuade" plaintiff from getting the Caltrain

---

[1] Defendant presumes from the face of the pleading that these are plaintiff's claims, although the Complaint lists no causes of action under the section so entitled. (*Id.*, 2:11-5:13.) Plaintiff specifically sues under the federal Constitution in connection with his claim for "Abuse of Authority," thus we apply federal law to that claim. As to plaintiff's other claims, defendant applies California law to plaintiff's common law tort claims, and both federal law and California law to the extent these apply to the remaining claims (insofar as they can be discerned).

2

1  Car's identification number, apparently, by calling the San Mateo Sherriff's Department and then
2  "failing to disengage" them. Plaintiff then alleges that he did identify the car as "#:54, which,
3  COINCIDENTALLY, is the last, (2) Two, Numbers Of The Plaintiff's, Home Telephone
4  Number…" (*Id.*, 4:1-16; 5:17-6:2 (punctuation and emphasis in original).)

5  (d)  Defendants caused plaintiff to suffer "1464 hours" of "Continuous False
6  Imprisonment Hardship." Plaintiff alleges this is the "cold blooded modus operandi, of the, Post-
7  09/11/01, covert terror network." (*Id.*, 5:2-10 (punctuation and emphasis in original).)

8  (e)  Defendant Schreader committed perjury at the January 14, 2008 Criminal
9  Preliminary Hearing Examination, which is proof he will not admit to a "Conspiracy/Abuse of
10  Authority." (*Id.*, 5:19-24.)

11  Plaintiff seeks relief against defendants as follows:
- An order firing Schreader from his employment as a Caltrain agent "in memory of the, March 11, 2004, Madrid, Spain, Covert Terror Victims."
- $1 million in punitive damages
- $ 50,000 in damages
- $4200 from defendant Schreader individually

(*Id.*, 5:25-6:10 (punctuation and emphasis in original).)

18  Notably, plaintiff makes no discernable allegation against defendant JPB, a public
19  entity organized under the laws of the State of California. *See* Joint Exercise of Powers
20  Act, Government Code §6500 et seq.

21  **III.  ARGUMENT**
22  **A.  Standard On Motion for Judgment On The Pleadings**
23  Like a motion for failure to state a claim under FRCP 12(b)(6), a motion for judgment on
24  the pleadings challenges the legal sufficiency of the pleadings. *Diem v. City and County of San*
25  *Francisco*, 686 F.Supp. 806, 808 (N.D. Cal. 1988). A judgment on the pleadings is appropriate
26  when, even if all the material facts in the pleading under attack are true, the moving party is
27  entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d
28  1542, 1550 (9th Cir. 1989). However, the court need not accept as true allegations that contradict

3

facts which may be judicially noticed by the court under Federal Rules of Evidence 201. *Mullis v. United States Bank Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Further, while a court will accept *well-pled* allegations as true for the purposes of a motion for judgment on the pleadings, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See *Sutton v. United Airlines*, Inc., 527 U.S. 471, 475 (1999).

**B.  This Court Should Enter Judgment In Favor of Defendants Because Plaintiff's Factual Allegations And Claims For Relief Are Unintelligible.**

Even accepting all the material facts of plaintiff's Complaint as true, they are contradictory, incomprehensible and conclusory, and therefore, defendant is entitled to judgment as a matter of law. Specifically, plaintiff alleges he was "entrapped" into an act of "alarm" by defendant Schreader, but then insists he was not entrapped because he did not "get upset." (Complaint 3:16-20.) Plaintiff alleges he was prevented from obtaining the train's identification number, but then pleads that he did obtain the number. (*Id.*, 4:8-12.) Plaintiff alleges the police were called unnecessarily and that defendant Schreader committed perjury at his preliminary injunction, but then alleges that he served 1464 hours of jail time as a result (apparently because he was in fact convicted). (Id., 5:3-10, 19-24.) He then concludes, without any factual basis whatsoever, that this series of events was an act of "terror" related to "9-11", and that he is entitled to millions of dollars and an injunction firing Schreader in memory of terror victims. (Id., 5:25-28.)

However viewed, this Complaint does not support the relief sought with intelligible, let alone "well-pled" factual allegations. Accordingly, defendant is entitled to judgment as a matter of law.

**C.  Plaintiff's Civil Rights Action Under the 6th Amendment Of The United States Constitution Fails As A Matter Of Law.**

The Sixth Amendment of the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in

4

1  his favor, and to have the Assistance of Counsel for his defence."

2  Although plaintiff's action is apparently premised on an "Abuse of Authority" in violation of plaintiff's civil rights under the Sixth Amendment, which ensures the accused certain protections in a criminal prosecution in the federal courts, plaintiff has not alleged any such violations of his rights. Further, plaintiff fails to allege any basis for a private right of action against defendants arising from the Sixth Amendment, as plaintiff does not allege defendant is a federal agent or officer. *See, e.g., Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Because plaintiff's Complaint does not support a claim under the Sixth Amendment, defendant is entitled to judgment as a matter of law.

Moreover, plaintiff has failed to demonstrate in any matter whatsoever that defendant has any liability for his claim. Defendant is a public entity managed under the laws of the State of California made up of three government entities, including the Counties of San Mateo and Santa Clara and the City and County of San Francisco. *See* Gov. Code §6500 et seq.; Gov. Code Tit. 1, Div. 7, Ch. 5, Art. 1 Note.

Accordingly, to prevail against defendant, plaintiff must demonstrate liability under *Monell* and its progeny. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978). Under *Monell*, liability exists only "when execution of a government's policy or custom, whether made by its law makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. Thus, *Monell* liability requires proof of (1) the existence of an underlying constitutional violation, (2) the existence of an unconstitutional policy or undisputed custom of the defendant, (3) which was either adopted or permitted by defendant employees who consciously accepted or were deliberately indifferent to the consequences of the custom or policy, and (4) which resulted in plaintiff's injury. *Id.* at 690-95; *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. Cal. 1986). Plaintiff has failed to make any allegation whatsoever in that regard. As such, his federal claims against defendant fail as a matter of law.

D.  **Plaintiff's Entrapment Claim Fails As A Matter of Law.**

"Entrapment" by definition is "a law-enforcement officer's or government agent's inducement of a person to commit a crime, by means of fraud or undue persuasion, in an attempt to later bring a criminal prosecution against that person." (Black's Law Dictionary, 7th Ed.) Entrapment can only be used as a defense to avoid a conviction. In other words, there is no affirmative cause of action for entrapment. Further, the entrapment defense can only be used against an agent of law enforcement. *Sherman v. United States,* 356 U.S. 369 (1958); *People v. Benford*, 53 Cal.2d 1, 9 (1959).

As a threshold matter, plaintiff makes no discernable factual allegations in support of his "entrapment" claim. Further, plaintiff does not allege that defendant is an agent of law enforcement. Nor does plaintiff allege entrapment as a defense to conviction; indeed, this is a civil action prosecuted by plaintiff, not a criminal case against him. Accordingly, like his other claims, plaintiff's "entrapment" claim fails entirely as a matter of law.

E.  **Plaintiff's Claims Of Criminal Perjury, Antedating and Falsifying Criminal Incident-Complaints/Reports, Petty Theft, and Covert Kidnapping Likewise Fail.**

Perjury (whether under 18 U.S.C. § 1621 or California Penal Code § 118), violations of California Penal Code §§ 131-132, kidnapping in violation of California Penal Code § 207[2], and "petty theft" under California Penal Code § 484 are statutory criminal acts for which there exist no civil private rights of action. *See, e.g., Willis v. City of L.A.*, 57 Fed. Appx. 283,**17 (9th Cir. Cal. 2002) (affirming judgment in favor of defendants on claims that they committed "torts in essence" by breaching California Penal and Vehicle Code provisions concerning such matters as perjury, California Penal Code § 118; filing false police reports, California Penal Code § 118.1; offering false

---

[2] California Penal Code § 207(a) states that "Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping." In addition to the reasons stated in this section, plaintiff's claim also fails for the reasons stated in connection with the tort of false imprisonment, discussed in section H. 6

evidence, California Penal Code § 132; battery, California Penal Code § 242; and reckless driving, California Vehicle Code § 23103, where the statutes cited did not create private rights of action); *accord Hillblom v. County of Fresno*, 2008 U.S. Dist. LEXIS 11372, *41 (E.D. Cal. Feb. 4, 2008); *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988) (where the legislature has not authorized a private right of action, either directly or impliedly, there is no private right of action). Because plaintiff has no private right of action to sue under the criminal statutes alleged in his Complaint, each of these claims against defendant fails as a matter of law.

Plaintiff's claims of perjury and offering false evidence under the California Penal Code also fail for the additional reason that plaintiff alleges that the purported "perjury" and false statements were made in connection with plaintiff's "Preliminary Hearing Examination" in San Mateo Superior Court. (Complaint, 5:19-24.) However, communications made in any judicial proceeding are privileged and thus not actionable. *Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1161 (N.D. Cal. 2007); Cal. Civ. Code §47(b); *Lerette v. Dean Witter Organization, Inc.* 60 Cal.App.3d 573 (1976).

Finally, like the claims of "abuse of authority" and "entrapment" discussed above, plaintiff's claims of perjury, falsifying evidence, petty theft, and kidnapping are incomprehensible and judgment on the pleadings should be granted on this basis alone.

F.  **Plaintiff's Common Law Defamation of Character Claim Fails As A Matter of Law.**

Defamation is an invasion of the interest in reputation. Slander is defamation in a less enduring form, and consists of a "false and unprivileged publication, orally uttered, and also communicated by radio or any mechanical or other means." *Kelly v. Johnson Pub. Co.* 160 Cal.App.2d 718(1958); Civ. Code § 46. Defamation is a state law tort, not a federal constitutional violation. *See generally, Buckley v. Fitzsimmons*, 20 F.3d 789, 797 (7th Cir. 1994); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Higginbotham v. King*, 54 Cal. App. 4th 1040, 1045 (Cal. App. 2d Dist. 1997). In any event, plaintiff makes no comprehensible allegations of defamation.

Further, as explained above, the defamatory communications plaintiff alleges–"perjury" at

7

a state Court criminal hearing—are privileged and not actionable. *Reyes,* 525 F.Supp.2d at 1161; *Lerette,* 60 Cal.App.3d at 573. Like the "perjury" and "false evidence" claims discussed above, this claim likewise fails as a matter of law and defendant is entitled to judgment in its favor.

### G. Plaintiff's Conspiracy Claim Fails As A Matter of Law.

A civil conspiracy is an agreement between two or more parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective. *Peskin v. Squires* 156 Cal. App. 2d 240, 245-246 (1957). Civil conspiracy does not itself constitute a separate tort. *Baltimore Football Club, Inc. v. Superior Court* 171 Cal. App. 3d 352, 359 n.3 (1985).

Again, plaintiff's Complaint fails to plead intelligible facts in support of any claim, including of a purported "conspiracy." Plaintiff does not allege an agreement between two parties, but rather that one party–Robert Schreader–wronged him and that defendant JPB is liable simply by virtue of being his alleged "employer". (Complaint, 2:5-10.) By definition, one person's actions cannot constitute a conspiracy. Further, civil conspiracy is not a stand-alone claim, but rather requires basis in a predicate unlawful act. As established herein, all plaintiff's claims of illegal activity, i.e., perjury, kidnapping, defamation, entrapment, etc., fail. Accordingly, the conspiracy claim is not based in a predicate unlawful act and alternatively fails for this additional reason.

This "conspiracy" claim, like plaintiff's underlying claims, is fatally deficient. This Court should enter judgment in favor of defendants as a matter of law.

### H. Plaintiff's Common Law False Imprisonment Claim Fails As A Matter of Law.

The tort of false imprisonment is defined as the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short. *City of Newport Beach v. Sasse* 9 Cal. App. 3d 803, 810 (1970). When a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication is absolutely privileged. *Hagberg v. California Federal Bank,* 32 Cal. 4th 350 (2004).

As discussed above, the Complaint's allegations are unintelligible, and the claim for false imprisonment is no exception. The claim fails on this ground alone.

8

1 | As to the substance of the claim (although defendant contends none can be gleaned), to the extent plaintiff's false imprisonment claim is based on someone aside from *defendant* detaining him–i.e., law enforcement/the state– this cause of action does not lie because plaintiff does not allege *defendant* imprisoned him. Further, to the extent that plaintiff is alleging that defendant falsely imprisoned him by calling the police, this allegation also fails to support plaintiff's action because such a communication is privileged as a matter of law. Finally, to the extent that plaintiff is alleging that defendant falsely imprisoned him by requiring that he get off the train and therefore "imprisoned" him in the rest of the world, this is not a cognizable act of restraint. *See, e.g., Shen v. Leo A. Daly Co.*, 222 F.3d 472, 478 (8th Cir. 2000) (plaintiffs' claim that he was falsely "imprisoned" in Taiwan was dismissed where Taiwan was too large of an area to constitute a restraint). Accordingly, this claim also fails and the Court should enter judgment in favor of defendant.

## IV. CONCLUSION

In light of all of the foregoing, it is evident that plaintiff's claims fail as a matter of law. They are unintelligible at best; and the claims that can be remotely discerned fail to allege facts to state a cause of action as a matter of law. Accordingly, because even taking the allegations as true, there are no cognizable causes of action, this Court should enter judgment in favor of defendant pursuant to Federal Rules of Civil Procedure, Rule 12(c).

Respectfully submitted,

DATED: May 30, 2008

HANSON BRIDGETT LLP

By: /s/ Dena M. Duthoy
DENA M. DUTHOY
Attorneys for Defendant
PENINSULA CORRIDOR JOINT
POWERS BOARD

9

# PROOF OF SERVICE

I, Lorraine V. Mole, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Jerome L. Grimes v. Robert Schreader; Caltrain*; Case No. CV 08-1241 WDB that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On May 30, 2008, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Jerome L. Grimes
263 Vernon Street
San Francisco, CA 94132

*Plaintiff In Pro Per*

[X] (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

[ ] (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

[ ] (By Hand pursuant to Federal Rules of Civil Procedure 5(b).) I directed each sealed envelope to the party(ies) so designated on the service list to be delivered by courier, Specialized Legal, this date. A copy of the affidavit/declaration under penalty of perjury, signed by the courier, shall be filed/lodged with the court under separate cover.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Lorraine V. Mole*
Lorraine V. Mole

- 1 -

PROOF OF SERVICE                                                                 1480874.1