1   HANSON BRIDGETT LLP
    KIMON MANOLIUS - 154971
2   kmanolius@hansonbridgett.com
    JULIA H. VEIT - 209207
3   jveit@hansonbridgett.com
    DENA M. DUTHOY - 239900
4   dduthoy@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, CA  94105
    Telephone:    (415) 777-3200
6   Facsimile:    (415) 541-9366

7   Attorneys for Defendant
    PENINSULA CORRIDOR JOINT POWERS BOARD

8

9                      UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   JEROME L. GRIMES,                    No. CV 08-1241 MMC

13              Plaintiff,                **DEFENDANT'S CASE MANAGEMENT
                                          STATEMENT AND RULE 26(f) REPORT**
14        v.

15   ROBERT SCHREADER; CALTRAIN,

16              Defendants.

17

18

19   **TO THE HONORABLE MAXINE M. CHESNEY:**

20          Pursuant to Federal Rule of Civil Procedure, Rule 26(f), Local Rule 16-9(a), and

21   the Standing Order for All Judges of the Northern District of California, Re: Contents of

22   Joint Case Management Statement, Defendant Peninsula Corridor Joint Powers Board

23   erroneously sued as Caltrain ("JPB" or "defendant") to the above-entitled action submits this

24   Case Management Statement and Proposed Order and requests that the Court adopt it

25   as its Case Management Order in this case.

26          JPB submits this statement separately in light of *pro per* plaintiff Jerome L.

27   Grimes' election to submit a separate Case Management Statement.  Local Rule 16-

28   9(a).  Thus, plaintiff's position on the matters discussed herein are as set forth in

                                     - 1 -

1    plaintiff's separate "Joint Case Management Statement and Proposed Order" filed with

2    this Court on May 28, 2008.

3    **1.    Jurisdiction and Service**

4        JPB is informed and believes that plaintiff has not served defendant Robert

5    Schreader in this action.  JPB is informed and believes that Mr. Schreader is an

6    employee of the National Railroad Passenger Corporation aka Amtrak, an entity

7    unrelated to JPB.

8        JPB submits that this Court has original jurisdiction over this civil action under

9    28 U.S.C. § 1331 and §1441(c) and supplemental jurisdiction under 28 U.S.C. § 1367.

10   JPB submits this action was properly removed to this Court pursuant to the provisions of

11   28 U.S.C. § 1441(b).

12   **2.    Facts**

13       On January 31, 2008, plaintiff commenced an action in the Superior Court for the State of

14   California, in and for the County of San Mateo entitled *Jerome L. Grimes v. Robert Schreader,*

15   *Caltrain,* Case Number CIV 469795, and defendant JPB was served with a copy of the Summons

16   and Complaint on February 1, 2008.  JPB timely removed the action to this Court on March 3,

17   2008.

18       To the extent that defendant can discern from plaintiff's caption, which spans three pages,

19   plaintiff purports to bring claims for an "Abuse of Authority" consisting of false imprisonment and

20   arrest; hardship in violation of the Sixth Amendment of the United States Constitution; defamation

21   of character; perjury; "Antedating And Falsifying Criminal Incident-Complaints/Reports To Be

22   Used In Trial Proceedings Or Inquiry -Penal Code 131, And, Penal Code 132"; "Covert

23   Kidnapping—Penal Code 207"; "Attempt To Intimidate and Dissuade The Plaintiff From Reporting

24   The Defendant's Abuse of Authority"; attempt to dissuade the plaintiff's efforts to identify the "Cal

25   Train #54"; petty theft of Caltrain ticket; and Conspiracy.  (Complaint, caption, pp. 1-3 (punctuation

26   and emphasis in original).)

27       Presumably, this matter arises out of a trip that plaintiff took on Caltrain on or about

28   December 26, 2007 wherein plaintiff alleges defendant Robert Schreader "induced" and

1   "entrapped" plaintiff, took plaintiff's Caltrain ticket, told him to get off the train, and called the police

2   for assistance, which is the "cold blooded modus operandi, of the, Post-09/11/01, covert terror

3   network." (Id., 5:2-10 (punctuation and emphasis in original).)

4       Defendant denies and disputes plaintiff's claims.

5       The principal factual issues that the parties dispute are: (1) whether there are

6   sufficient facts to establish any claim upon which relief may be granted; (2) whether

7   defendant JPB violated plaintiff's rights in any manner; (3) whether defendant Schreader

8   violated plaintiff's rights in any manner.

9   **3.   Legal Issues**

10      Plaintiff's Complaint, alleging an "Abuse of Authority" under the Sixth Amendment of the

11  United States of America, fails to state a cognizable claim for relief.  Plaintiff's Complaint, which

12  alleges various acts of "terror" against defendant, is unintelligible, unsupported, and barred by the

13  applicable federal and state laws on which plaintiff's claims are premised.  Among other

14  deficiencies addressed in JPB's motion for judgment on the pleadings, plaintiff fails to

15  demonstrate that JPB, a government entity, can be held liable for the acts alleged under

16  *Monell* and its progeny.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978).

17  Because plaintiff's Complaint is fatally deficient, defendant contends it is entitled to judgment as a

18  matter of law pursuant to Federal Rules of Civil Procedure Rule 12(c).

19  **4.   Motions**

20      Defendant JPB filed its Motion for Judgment on the Pleadings on June 2, 2008,

21  which is set for hearing on July 11, 2008.

22      Defendant anticipates that this motion will dispose of plaintiff's claims against

23  JPB.

24  **5.   Amendment of Pleadings**

25      JPB does not anticipate any amendment to the pleadings.  Leave to amend

26  pleadings should only be granted pursuant to Rule 15(a) of the Federal Rules of Civil

27  Procedure.

28

**6.    Evidence Preservation**

JPB is taking all appropriate steps to preserve any available evidence, including electronically stored information.  JPB has been advised of its duty in this regard and will take all steps to ensure the preservation of evidence relevant to likely issues in the action. JPB does not, however, believe there is any electronically stored information relevant to the issues reasonably evident in this action.

**7.    Disclosures**

The parties have agreed to exchange their initial disclosures on or before June 13, 2008.  JPB will make initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

**8.    Discovery**

At this time, defendant anticipates taking no discovery until the resolution of its motion for judgment on the pleadings.  Should that motion not dispose of the action, defendant intends to propound interrogatories, requests for admission, and requests for production to plaintiff and intends to take the depositions of plaintiff and any other witnesses that may be identified in written discovery and plaintiff's deposition.

JPB proposes the following discovery plan:

| | |
|---|---|
| Deadline to complete non-expert discovery: | November 15, 2008 |
| Deadline to designate experts: | December 15, 2008 |
| Deadline to designate rebuttal experts: | January 15, 2009 |
| Deadline to complete expert discovery: | February 15, 2009 |

JPB proposes that the limitations on discovery imposed by the Federal Rules of Civil Procedure should apply to this case.  JPB agrees to meet and confer if additional changes to the limitations on discovery are needed as litigation progresses.

**9.    Class Actions**

This action is not a class action.

- 4 -

**10.   Related Cases**

JPB is unaware of any related cases or proceedings currently pending.

**11.   Relief**

Plaintiff seeks relief against defendants as follows:

- An order firing Schreader from his employment as a Caltrain agent "in memory of the, March 11, 2004, Madrid, Spain, Covert Terror Victims."

- $1 million in punitive damages

- $ 50,000 in damages

- $4200 from defendant Schreader individually

(Complaint, 5:25-6:10 (punctuation and emphasis in original).)

Defendant does not seek damages.  Defendant denies that plaintiff is entitled to any damages or to the other relief sought.

**12.   Settlement and ADR**

JPB filed a Notice of Need for ADR Phone Conference on June 2, 2008.  The ADR Phone Conference has not been scheduled.  JPB proposes the parties participate in Early Neutral Evaluation.

Plaintiff has informed counsel for JPB that plaintiff proposes that the parties mediate.  JPB would object to mediation on the grounds that mediation would be premature if held prior to hearing on JPB's motion for judgment on the pleadings and insofar as a mediation would not further resolution of this case.

JPB requests that any informal dispute resolution process be scheduled for after the hearing on the motion for judgment on the pleadings set for July 11, 2008.

**13.   Consent to Magistrate Judge for All Purposes**

JPB does not consent to the use of a magistrate judge for all purposes.

**14.   Other References**

JPB does not view this case as suitable for a special master, binding arbitration, or under the Judicial Panel for Multidistrict Litigation.

DEFT'S CASE MANAGEMENT STATEMENT; CASE NO. CV-08-1241 MMC

1484165.1

**15.    Narrowing of issues**

Defendant believes this case should be dismissed pursuant to its motion for judgment on the pleadings.

**16.    Expedited Schedule**

The parties do not believe that this case is amenable to handling on an expedited basis.

**17.    Scheduling**

Deadline to complete non-expert discovery:      November 15, 2008

Deadline to designate experts:      December 15, 2008

Deadline to designate rebuttal experts:      January 15, 2009

Deadline to complete expert discovery:      February 15, 2009

Final pre-trial conference: May 5, 2009

Trial date: May 19, 2009

**18.    Trial**

The parties anticipate trial to last 1-2 days.

**19.    Disclosure Of Non-party Interested Entities or Persons**

Pursuant to Local Rule 3-16(a), Defendant is not required to file a "Certification of Interested Entities or Persons" because it is a public entity.

DATED: June 6, 2008                         HANSON BRIDGETT LLP


By: _Dena M Duthoy_ _____
DENA M. DUTHOY
Attorneys for Defendant
PENINSULA CORRIDOR JOINT
POWERS BOARD

- 6 -

1                              **PROOF OF SERVICE**

2            I, Lorraine V. Mole, declare that I am a resident of the State of California.  I am
   over the age of 18 years and not a party to the action entitled *Jerome L. Grimes v. Robert*
3  *Schreader; Caltrain*; Case No. CV 08-1241 WDB that my business address is 425 Market Street,
   26th Floor, San Francisco, California  94105.  On June 6, 2008, I served a true and accurate
4  copy of the document(s) entitled:

5  **Defendant's Case Management Statement and Rule 26(f) Report**

6  on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed
   to the last address(es) given by the party(ies) as follows:

7
   Jerome L. Grimes
8  263 Vernon Street
   San Francisco, CA  94132
9
   *Plaintiff In Pro Per*
10
11    ☐        (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am
              readily familiar with (firm name)'s practices for collecting and processing
12            documents for mailing with United States Postal Service.  Following these ordinary
              business practices, I placed the above referenced sealed envelope(s) for
13            collection and mailing with the United States Postal Service on the date listed
              herein at 425 Market Street, 26th Floor, San Francisco, California  94105.  The
14            above referenced sealed envelope(s) will be deposited with the United States
              Postal Service on the date listed herein in the ordinary course of business.
15
16    ☒        (By Express Mail pursuant to Code of Civil Procedure section 1013.)  I deposited
              each sealed envelope, with the postage prepaid, to be delivered via <u>UPS Next</u>
17            <u>Day</u> to the party(ies) so designated on the service list.

18    ☐        (By Hand pursuant to Federal Rules of Civil Procedure 5(b).)  I directed each
              sealed envelope to the party(ies) so designated on the service list to be delivered
19            by courier, Specialized Legal, this date.  A copy of the affidavit/declaration under
              penalty of perjury, signed by the courier, shall be filed/lodged with the court under
20            separate cover.
21
22            I declare that I am employed in the office of a member of the bar of this court at
   whose direction the service was made.
23
24                                              *[signature]* V. Mole
                                              _____
25                                              Lorraine V. Mole
26
27
28

PROOF OF SERVICE                                                                    1485159.1