HANSON BRIDGETT LLP
KIMON MANOLIUS - 154971
kmanolius@hansonbridgett.com
JULIA H. VEIT - 209207
jveit@hansonbridgett.com
DENA M. DUTHOY - 239900
dduthoy@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 541-9366

Attorneys for Defendant
PENINSULA CORRIDOR JOINT POWERS BOARD

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT SCHREADER; CALTRAIN,<br><br>　　　　Defendants. | No. CV 08-1241 CW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: [under submission per Clerk's Order of July 10, 2008]<br>Judge: Hon. Claudia Wilken |

　　　　Plaintiff Jerome Grimes' Opposition mistakenly contends that this Court should deny Defendant PENINSULA CORRIDOR JOINT POWERS BOARD (erroneously sued as "Caltrain")'s motion for judgment on the pleadings because it is premature and because Plaintiff did not identify "Terrorism, as a, Jurisdiction" [sic]. Plaintiff's Opposition does nothing to refute the legal insufficiency of his claims and this Court should enter judgment in favor of Defendant as a matter of law.

　　　　Specifically, Federal Rules of Civil Procedure, Rule 12(c) expressly authorizes judgment on the pleadings where a plaintiff's well-pled allegations do not entitle him to the relief he seeks. *See Sutton v. United Airlines*, Inc., 527 U.S. 471, 475 (1999). The deficiencies of Plaintiff's Complaint are fundamental and many. No further development

of his case could convert his legally unsound claims into tenable ones. Further, whether the Complaint violates the Court's December 9, 2005 Pre-Filing Order or not, its allegations of various acts of terror, kidnapping, entrapment, and the like, even where remotely discernable, do not state any legally cognizable claim for relief against Defendant.1 If anything, Plaintiff's admission in his Opposition that his conduct of December 26, 2007 "lead [sic] to the misdemeanor conviction" affirms that Plaintiff was not ejected from the Caltrain in violation of his civil rights. (See, Opposition To The, [sic] Defendants' Motion For Judgment on the Pleadings, filed July 14, 2008, p. 3 lines 28 to p. 4 line 2.) Thus, Plaintiff is collaterally estopped from asserting his claims against Defendant, which all apparently arise from the allegation that he was unlawfully ejected from Caltrain despite his lawful conduct. See, e.g., *Pease v. Pease* (1988) 201 Cal. App. 3d 29, 32 (application of collateral estoppel to issues determined in previous criminal prosecution).

For all the reasons set forth herein and in Defendant's moving papers, this Court should enter judgment in favor of defendant pursuant to Federal Rules of Civil Procedure, Rule 12(c).

Respectfully submitted,

DATED: July 21, 2008

HANSON BRIDGETT LLP

By: _____
DENA M. DUTHOY
Attorneys for Defendant
PENINSULA CORRIDOR JOINT POWERS BOARD

---

[1] Defendant does not understand Plaintiff's reliance on allegations made against Mr. Reese Foy of Walgreen's in opposition to this motion, which does not implicate or involve either Mr. Foy or Walgreen's in any way.

- 2 -

# PROOF OF SERVICE

I, Lorraine V. Mole, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Jerome L. Grimes v. Robert Schreader; Caltrain*; Case No. CV 08-1241 CW that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On July 21, 2008, I served a true and accurate copy of the document(s) entitled:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS;**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Jerome L. Grimes
263 Vernon Street
San Francisco, CA 94132

*Plaintiff In Pro Per*

☐   (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with (firm name)'s practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☒   (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via <u>UPS</u> to the party(ies) so designated on the service list.

☐   (By Hand pursuant to Federal Rules of Civil Procedure 5(b).) I directed each sealed envelope to the party(ies) so designated on the service list to be delivered by courier, Specialized Legal, this date. A copy of the affidavit/declaration under penalty of perjury, signed by the courier, shall be filed/lodged with the court under separate cover.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Lorraine V. Mole*
Lorraine V. Mole

- 1 -

PROOF OF SERVICE

1564480.1